UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
HUMBERTO BELLO,                          :
                              Plaintiff,  :
                                          :
  v.                                      :
                                          :
C.O. BRYAN LONG,                          :
                              Defendant.  :
------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/25/16

Copies Mailed/Faxed
Chambers of Vincent L. Briccetti

**OPINION AND ORDER**

15 CV 2148 (VB)

Briccetti, J.:

Plaintiff Humberto Bello, an inmate proceeding pro se, brings this Section 1983 action alleging defendant Correction Officer Bryan Long cut plaintiff's fingers by slamming a window on them.  Plaintiff filed an amended complaint on March 20, 2015.  (Doc. #5).

Defendant moves to dismiss the amended complaint for failure to exhaust administrative remedies under the Prison Litigation Reform Act of 1995 (the "PLRA").  (Docs. ##23, 30).

For the reasons set forth below, defendants' motion is GRANTED.  However, plaintiff is granted leave to file a second amended complaint, as specified below.

The Court has jurisdiction under 28 U.S.C. § 1331.

## BACKGROUND

In deciding the pending motion, the Court accepts as true all well-pleaded allegations in the amended complaint and draws all reasonable inferences in favor of plaintiff.

The following facts are drawn from the complaint and documents on which plaintiff relied in bringing suit.  DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 111 (2d Cir. 2010) (noting the court may consider documents integral to the complaint if it is clear on the record that no dispute exists regarding the authenticity or accuracy of the documents).[1]

---

[1]      Defendant filed a notice to pro se litigant pursuant to Local Rule 12.1, (Doc. #26), as well as a declaration of Jeffrey Hale, the Assistant Director of the Inmate Grievance Program at the

1

During the relevant time period, plaintiff was incarcerated at Sullivan Correctional Facility in Fallsburg, New York.  On March 5, 2015, at around 10:28 p.m., defendant Long and two non-party correction officers were giving plaintiff some unidentified property at plaintiff's cell.  Plaintiff exchanged "bad word[s]" with one of the officers and the officers began to walk away.  Plaintiff alleges he had his hand "in the [little] windo[w] bars" and defendant Long turned back towards his cell and "slam[med] the glass windo[w]" onto plaintiff's fingers, causing lacerations.  (Am. Compl. at 3).

Plaintiff alleges he attempted to file a grievance arising from this incident, but defendant Long told plaintiff he (Long) threw the grievance "in [the] garbage."  (Pl.'s Opp. at 1).[2]

Plaintiff filed his complaint on March 19, 2015, (Doc. #2) and an amended complaint on March 20, 2015.  (Doc. #5).  Defendant moved to dismiss the amended complaint on October 13, 2015.  (Doc. #23).

## DISCUSSION

I.   Legal Standard

In deciding a Rule 12(b)(6) motion, the Court evaluates the sufficiency of the operative complaint under the "two-pronged approach" articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).  First, plaintiff's legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth and are thus not sufficient to withstand a motion to dismiss.  Id. at 678;

---

New York State Department of Corrections and Community Supervision.  (Doc. #25).  Plaintiff subsequently filed his medical records.  (Doc. #35).

[2]   Plaintiff filed several documents on various forms requesting defendant's motion to dismiss "be dismissed."  (Doc. #30).  The Court construes plaintiff's submissions as his opposition to defendant's motion to dismiss.

Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010).  Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  Ashcroft v. Iqbal, 556 U.S. at 679.

To survive a Rule 12(b)(6) motion, the allegations in the complaint must meet a standard of "plausibility."  Ashcroft v. Iqbal, 556 U.S. at 678; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 564 (2007).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. at 678.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  Id.

The Court must liberally construe submissions of pro se litigants, and interpret them "to raise the strongest arguments that they suggest."  Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and citation omitted).  Applying the pleading rules permissively is particularly appropriate when, as here, a pro se plaintiff alleges civil rights violations.  See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008).  "Even in a pro se case, however . . . threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks and citation omitted).  Nor may the Court "invent factual allegations" plaintiff has not pleaded.  Id.

II.     Exhaustion

The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted."

42 U.S.C. § 1997e(a).  This exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  Porter v. Nussle, 534 U.S. 516, 532 (2002).

"Section 1997e(a) requires proper exhaustion—that is, using all steps that the agency holds out, and doing so properly."  Amador v. Andrews, 655 F.3d 89, 96 (2d Cir. 2011) (quoting Woodford v. Ngo, 548 U.S. 81, 90 (2006)).  In New York, the applicable local rules are set forth in the Inmate Grievance Procedure.  See 7 N.Y.C.R.R. § 701.  An inmate initiates the grievance procedure by filing a written grievance complaint with the Inmate Grievance Resolution Committee ("IGRC").  7 N.Y.C.R.R. § 701.5(a).  The IGRC has sixteen calendar days after receipt of the grievance to resolve the matter informally.  7 N.Y.C.R.R. § 701.5(b).  Next, the inmate can appeal from the IGRC determination to the superintendent of his or her facility. 7 N.Y.C.R.R. § 701.5(c).[3]  Finally, an inmate can appeal from the superintendent's determination to the Central Office Review Committee ("CORC"), and the CORC must decide the appeal within thirty calendar days from the date the appeal is filed.  7 N.Y.C.R.R. § 701.5(d).

"Dismissal under Rule 12(b)(6) for non-exhaustion is appropriate only if a plaintiff's failure to exhaust is evident on the face of the complaint."  Pratt v. City of New York, 929 F.Supp.2d 314, 318 (S.D.N.Y. 2013).

Here, plaintiff's failure to exhaust is evident on the face of his amended complaint. Plaintiff's claim against defendant Long arises from events that took place on March 5, 2015. Plaintiff filed this action on March 19, 2015, fourteen days after the day the alleged events occurred.  In light of the multistep grievance procedure and the facts alleged in the amended

---

[3]     Grievances alleging misconduct by staff towards an inmate, as here, are subject to an expedited review, and are immediately referred to the superintendent of the facility.  See 7 N.Y.C.R.R. § 701.8.

4

complaint, it is not plausible that plaintiff exhausted his administrative remedies within fourteen days.  See Lopez v. Cipolini, 2015 WL 5732076, at *5 (S.D.N.Y. Sept. 30, 2015) (holding it implausible that plaintiff exhausted her administrative remedies within ten days); Perez v. City of New York, 2015 WL 3652511, at *3 (S.D.N.Y. June 11, 2015) (finding that the one-week period between the events in question and the filing of the complaint showed the grievance process could not have been completed).[4]

III.   Failure to Exhaust Excused or Justified

There are three circumstances in which an inmate's failure to exhaust his administrative remedies fully may be excused: when "(i) administrative remedies are not available to the prisoner; (ii) defendants have either waived the defense of failure to exhaust or acted in such [a] way as to estop them from raising the defense; or (iii) special circumstances, such as a reasonable misunderstanding of the grievance procedures, justify the prisoner's failure to comply with the exhaustion requirement."  Ruggiero v. Cnty. of Orange, 467 F.3d 170, 175 (2d Cir. 2006) (citing Hemphill v. New York, 380 F.3d 680, 686 (2d Cir. 2004)).

In his opposition to defendant's motion, plaintiff alleges defendant Long told plaintiff he threw plaintiff's grievance in the garbage, suggesting defendant Long prevented plaintiff from filing a grievance.  Liberally construed, plaintiff argues defendant should be estopped from raising failure to exhaust as a defense due to defendant Long's alleged obstruction of plaintiff's grievance.

The Court finds plaintiff has failed to allege facts giving rise to the inference defendant must be estopped from raising the failure to exhaust defense.

---

[4]    Plaintiff will be provided with copies of all unpublished opinions cited in this decision. See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009).

First, plaintiff has not alleged any facts as to how he attempted to submit the grievance, or why defendant Long had access to the grievance before plaintiff submitted it.  See Khudan v. Lee, 2015 WL 5544316, at *5 (S.D.N.Y. Sept. 17, 2015) (the grievance procedure provides inmates with "multiple avenues" to submit grievances that do not rely on outgoing mail). Indeed, plaintiff's allegations with respect to the obstruction of his grievance have evolved over time.  In his initial complaint, plaintiff does not allege his grievance was thrown in the garbage, but instead alleges a correction officer was "playing [with his] mail."  (Compl. at 4).  In his amended complaint naming defendant Long as the correction officer who allegedly slammed the window on his fingers, he alleges an unnamed, unidentified corrections officer threw his grievance in the garbage.  Only after defendant moved to dismiss did plaintiff allege it was defendant Long who told him he (Long) threw the grievance in the garbage.

Second, even after defendant Long allegedly threw plaintiff's grievance in the garbage, plaintiff failed to allege he appealed to the superintendent, and then to the CORC.  Plaintiff's failure to appeal, even after receiving no response to his initial grievance, may still constitute a failure to exhaust administrative remedies.  See Khudan v. Lee, 2015 WL 5544316, at *5 (collecting cases).

Accordingly, the amended complaint must be dismissed for failure to exhaust administrative remedies under the PLRA.  Allowing prisoners to avoid administrative exhaustion rules with impunity would undermine Congress's desire to "afford[ ] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." Porter v. Nussle, 534 U.S. at 525.

IV.   <u>Leave to Amend</u>

     The dismissal, however, is without prejudice, and the Court will allow plaintiff to amend his complaint with respect to (i) the exhaustion of the grievance procedure, and (ii) his claim that defendant Long threw his grievance in the garbage.  District courts "should not dismiss [<u>pro</u> <u>se</u> complaints] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."  <u>Cuoco v. Moritsugu</u>, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation omitted).

     Plaintiff is reminded that any factual allegation in the second amended complaint must be true to the best of his knowledge, information, and belief.  <u>See</u> Fed. R. Civ. P. 11(b)(3).  Also, the second amended complaint will completely replace the amended complaint; therefore, plaintiff should include in the second amended complaint all information necessary to show that he exhausted the grievance procedure or why his failure to exhaust should be excused.  The second amended complaint must also include all information necessary to state a plausible cause of action against defendant Long under Section 1983.

     Plaintiff is further directed to attach to his second amended complaint any grievances he filed with respect to the alleged incident, as well as all evidence relating to his efforts to exhaust his administrative remedies prior to commencing this action.

     Plaintiff is directed to complete the Second Amended Complaint form attached to this Opinion and Order.

## CONCLUSION

Defendant's motion to dismiss is GRANTED.

     Plaintiff is granted leave to file a second amended complaint, which must be filed by June 6, 2016, using the Second Amended Complaint form attached hereto.  The completed Second

Amended Complaint form must be mailed to the Pro Se Clerk at the United States Courthouse, 300 Quarropas Street, White Plains, New York 10601.  If plaintiff does not file a second amended complaint by June 6, 2016, this case will be dismissed with prejudice.

By separate order, the Court will schedule a telephone case management conference for a date in the near future.  At the conference, the parties shall be prepared to discuss whether it may be more efficient for plaintiff to withdraw this case without prejudice, after which he could fully exhaust his administrative remedies and then, if appropriate, re-file the case.  If plaintiff is willing to withdraw the case without prejudice in order to fully exhaust his administrative remedies, the Court will expect defendant to agree that the time for plaintiff to administratively exhaust has not expired.

The Clerk is instructed to terminate the motion.  (Docs. ##23, 30).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

Dated:  April 25, 2016
           White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge

8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

_____

_____

_____

_____

_____

_____

_____

*(In the space above enter the full name(s) of the defendant(s).  If you
cannot fit the names of all of the defendants in the space provided,
please write "see attached" in the space above and attach an
additional sheet of paper with the full list of names.  The names
listed in the above caption must be identical to those contained in
Part I.  Addresses should not be included here.)*

**SECOND
AMENDED
COMPLAINT**

under the Civil Rights Act,
42 U.S.C. § 1983

Jury Trial:  ☐ Yes      ☐ No

(check one)

___ Civ. _____ (    )

**I.      Parties in this complaint:**

A.      List your name, identification number, and the name and address of your current place of
        confinement.  Do the same for any additional plaintiffs named.  Attach additional sheets of paper
        as necessary.

Plaintiff's      Name_____

                 ID#_____

                 Current Institution_____

                 Address_____

                 _____

B.      List all defendants' names, positions, places of employment, and the address where each defendant
        may be served.  Make sure that the defendant(s) listed below are identical to those contained in the
        above caption.  Attach additional sheets of paper as necessary.

Defendant  No. 1      Name _____ Shield #_____

                      Where Currently Employed _____

                      Address _____

                      _____

Defendant  No. 2      Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

Defendant  No. 3      Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

Who did what?

Defendant  No. 4      Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

Defendant  No. 5      Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

## II.      Statement of Claim:

State as briefly as possible the facts of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.      In what institution did the events giving rise to your claim(s) occur?

_____

_____

B.      Where in the institution did the events giving rise to your claim(s) occur?

_____

C.      What  date  and  approximate  time  did  the  events  giving  rise  to  your  claim(s)  occur?

_____

_____

_____

D.      Facts:_____

What happened to you?

_____

_____

_____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

| **Was anyone else involved?** |

_____
_____
_____
_____
_____

| **Who else saw what happened?** |

### III.   Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.

_____
_____
_____
_____
_____
_____
_____
_____

### IV.   Exhaustion of Administrative Remedies:

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."   Administrative remedies are also known as grievance procedures.

A.      Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

Yes _____   No _____

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

_____
_____
_____

B.       Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

           Yes _____    No _____    Do Not Know _____

C.       Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

           Yes _____    No _____    Do Not Know _____

           If YES, which claim(s)?

           _____

D.       Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

           Yes _____    No _____

           If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

           Yes _____    No _____

E.       If you did file a grievance, about the events described in this complaint, where did you file the grievance?

           _____

           1.       Which claim(s) in this complaint did you grieve?

                        _____

           2.       What was the result, if any?

                        _____

           3.       What steps, if any, did you take to appeal that decision?  Describe all efforts to appeal to the highest level of the grievance process.

           _____
           _____
           _____
           _____

F.       If you did not file a grievance:

           1.       If there are any reasons why you did not file a grievance, state them here:

                        _____
                        _____
                        _____

_____
_____
_____

2.  If you did not file a grievance but informed any officials of your claim, state who you informed, when and how, and their response, if any:

_____
_____
_____
_____
_____
_____
_____

G.  Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

_____
_____
_____
_____
_____
_____
_____
_____
_____

Note:  You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.

**V.    Relief:**

State what you want the Court to do for you (including the amount of monetary compensation, if any, that you are seeking and the basis for such amount). _____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

_____
_____
_____
_____

**VI.**     **Previous lawsuits:**

<div style="float:left; border:1px solid black; padding:4px">On these claims</div>

A.     Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

     Yes _____ No _____

B.     If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below.  (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

     1.     Parties to the previous lawsuit:

     Plaintiff _____
     Defendants _____

     2. Court (if federal court, name the district; if state court, name the county) _____
_____

     3.     Docket or Index number _____

     4.     Name of Judge assigned to your case_____

     5.     Approximate date of filing lawsuit _____

     6.     Is the case still pending? Yes _____ No _____

         If NO, give the approximate date of disposition_____

     7.     What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?) _____
_____
_____

<div style="float:left; border:1px solid black; padding:4px">On other claims</div>

C.     Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?

     Yes _____ No _____

D.     If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

     1.     Parties to the previous lawsuit:

     Plaintiff _____
     Defendants _____

     2.     Court (if federal court, name the district; if state court, name the county) _____
_____

     3.     Docket or Index number _____

     4.     Name of Judge assigned to your case_____

     5.     Approximate date of filing lawsuit _____

6.      Is the case still pending?  Yes _____  No _____

        If NO, give the approximate date of disposition_____

7.      What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?)  _____
        _____
        _____


**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20___.

                        Signature of Plaintiff     _____

                        Inmate Number            _____

                        Institution Address        _____

                                                 _____

                                                 _____

                                                 _____


Note:   All plaintiffs named in the caption of the complaint must date and sign the complaint and provide their inmate numbers and addresses.


I declare under penalty of perjury that on this _____ day of _____, 20__, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.


                        Signature of Plaintiff:   _____