UNITED STATES DISTRICT COURTS
SOUTHERN/EASTERN DISTRICTS OF NEW YORK

_Humberto Bello DIN# 14A1280_
(In the space above enter the full name(s) of the plaintiff(s)/petitioner(s).)

15 Civ. 2148 (V)(B)

- against -

**PLAINTIFF'S LOCAL CIVIL RULE 33.2 INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS**

_B. long = Correctional facility officer who worked the 3pm to 11pm shift on 3/5/15 B-South car program block Sullivan Correctional Facility PO Box 116, Fallsburg, New York 12733-0116_
(In the space above enter the full name(s) of the defendant(s)/respondent(s).)

Pursuant to Fed. R. Civ. P. 26(e), 33, 34 and 45, and Local Civil Rule 33.2, the defendants shall answer, under oath, the following interrogatories, and produce copies of the following documents, within 120 days of the service of the complaint on any named defendant, at the plaintiff's current address,[1] as indicated below.

These requests apply in Use of Force Cases, Inmate Against Inmate Assault Cases and Disciplinary Due Process Cases, as defined below, in which the events alleged in the complaint occurred while the plaintiff was in the custody of the Department of Correction of the City of New York, the New York State Department of Corrections & Community Supervision, or any other jail, prison or correctional facility operated by or for a city, county, municipal or other local governmental entity (collectively, the "Department").

## DEFINITIONS

1. "Department" refers to the Department of Correction of the City of New York, New York State Department of Corrections & Community Supervision, and/or any other city, county, municipal or other local governmental entity that operates a jail, prison or correctional facility.

2. "Facility" refers to the correctional facility where the Incident is alleged to have occurred.

3. "Use of Force Case" refers to an action in which the complaint alleges that an employee of the Department, or Facility used physical force against the plaintiff in violation of the plaintiff's rights.

---

[1] Unless otherwise ordered by the Court, if within the 120-day period the defendant(s) moves for dismissal under Fed. R. Civ. P. 12(b) or 12(c), or moves for summary judgment on grounds which would be dispositive of the action _in toto_, defendants shall respond 30 days from denial of such motion in whole or in part.

RECEIVED SEP 06 2016 U.S.D.C. WP

4. "Inmate against Inmate Assault Case" refers to an action in which the complaint alleges that an employee of the Department or Facility was responsible for plaintiff's injury resulting from physical contact with another inmate.

5. "Disciplinary Due Process Case" refers to an action in which (i) the complaint alleges that an employee of the Department or Facility violated or permitted the violation of a constitutional right(s) in a disciplinary proceeding against plaintiff, and (ii) the punishment imposed upon plaintiff as a result of that proceeding was placement in a special housing unit for more than 30 days.

6. "Incident" refers to the event or events described in the complaint. If the complaint alleges a due process violation in the course of prison disciplinary proceedings, "Incident" also refers to the event or events that gave rise to the disciplinary proceedings.

7. "Identify," when applied to persons, shall mean:
   (i) full name and current or last known address for service; and
   (ii) for Department or Facility employees, badge number or numbers, if any;
   (iii) for former or present inmates, any and all inmate identification numbers, including "book and case," "DIN" and "NYSID" numbers.

8. "Identify," when used in connection with a civil or criminal proceeding shall mean: the case name, court, docket number and date of commencement.

## INSTRUCTIONS

1. All defendants represented by the Office of the Corporation Counsel of the City of New York, the Office of the Attorney General or counsel for or appointed by the Department responsible for the Facility, are instructed to produce documents (or copies thereof) and provide information in the defendants' custody, possession or control and documents and information in the custody, possession or control of the Department or Facility. If the Department or Facility is not a party, documents and information shall be produced as if a Rule 45 subpoena had been served on the Department or Facility. All responses are subject to the requirements of Fed. R. Civ. P. 26(e). Documents so produced shall be Bates-stamped or otherwise numbered sequentially.

2. Whenever defendants or the non-party Department or Facility withhold any document or portion thereof that is responsive to any of the document requests for reasons of privilege or institutional security, counsel for defendants shall (i) obtain a copy of the document (including audio tape, videotape, electronic recording or photograph) from the appropriate agency or defendant and retain such document in defense counsel's office until the conclusion of the litigation; (ii) serve and file a (privilege) log in conformity with Fed. R. Civ. P. 26(b)(5) or Local Civil Rule 26.2, setting forth the reason for withholding the document; and (iii) make the withheld document available upon request to the Court. If the document is withheld for reasons of institutional discipline or security, rather than privilege, the document

shall also be made available to *pro bono* counsel, or to an interested attorney considering the Court's request for *pro bono* counsel, who shall maintain it in strict confidence. If security interests can be addressed by redacting a portion of the document, the redacted document shall be produced to plaintiff. Counsel for defendants may also take appropriate measures to ensure that Department letterhead, forms and stationery are not misused by plaintiff.

3. If any document responsive to this request exists in the form of a tape recording, video recording or other electronic recording it shall be preserved until the conclusion of the litigation. If a tape recording has not been transcribed, a copy of such tape or electronic recording shall be produced, subject to any state law or regulation barring access on grounds of security. If the tape, video or electronic recording is not produced to plaintiff, defense counsel shall retain the tape and make it available upon request to the Court, *pro bono* counsel or any *pro bono* attorney considering acceptance of the case. Any transcript shall be treated as any other responsive document.

4. The documents responsive to requests 8 through 11 shall be provided for a period of ten years prior to the filing of the complaint, shall be provided by the Department or Facility to defense counsel within the 120-day responsive period and shall be maintained in defense counsel's office until the conclusion of the litigation. Such documents shall be produced to the Court upon request or to *pro bono* counsel as provided in Instruction 2. If the case proceeds to trial and plaintiff is not represented, the Court shall address prior to trial the disclosure of such documents to plaintiff for use at trial. If the response to any of requests 8 through 11 is "None," that response shall be provided to plaintiff at the time these requests are responded to.

## INTERROGATORIES AND DOCUMENT REQUESTS

1. With respect to any disciplinary proceeding in which plaintiff alleges the denial of a constitutional right, produce all documents concerning the proceeding, including: reports of infraction; notices of infraction; misbehavior reports; any records reflecting informal interviews with the plaintiff or opportunities for the plaintiff to object to the discipline or housing status related to the discipline; disciplinary hearing records; hearing transcripts;[2] infraction and/or hearing disposition sheets; notices of administrative appeal and any accompanying documents; and any decisions on administrative appeal.

2. Identify all Department and Facility employees who were present at, witnessed or investigated the Incident or who at or about the time of the Incident were assigned to work in the area where the Incident occurred (if such area is identifiable and discrete).

3. Identify all persons (including prisoners) other than Department and Facility employees who were present at the Incident.

---

[2] An untranscribed tape shall be treated as provided for in Instruction 3.

4. Produce any and all of the following documents in the custody, possession or control of the Department or Facility prepared by or at the direction of any employee of the City of New York, the State of New York or any other governmental entity in connection with the Incident: incident reports, intradepartmental memoranda (including memoranda sometimes referred to as "to/froms"), use of force reports, unusual incident reports, witness statements, injury to inmate reports, video or audio tapes, photographs, reports of infraction, notices of infraction, dispositions of any infraction, misbehavior reports including documents in the file of any inmate disciplined in connection with the incident.

5. Produce all files, including each closing memorandum and summary, made in the course of any completed investigation by the Department of Investigations, Inspector General or Internal Affairs Division (or similar groups) into the Incident. If the Incident or the conduct of defendants involved in the Incident is the subject of an ongoing investigation or a disciplinary proceeding, criminal investigation or outstanding indictment or information, discovery under this request shall be suspended until the termination thereof (whether by completion of the investigation without charges being brought or by disposition of such charges). A response shall be due thirty (30) days after such termination.

6. If Plaintiff alleges physical injury and has authorized release, produce records of all medical treatment provided to the plaintiff in connection with such injury or claim. If defendants seek to rely on plaintiff's pre-existing medical condition as a complete or partial defense to any claim raised in the complaint, produce all records relating to such pre-existing medical condition generated during plaintiff's present and any prior term of incarceration. (If plaintiff fails to provide a release authorizing disclosure of medical records, defendants may move to compel such release or to dismiss some or all of plaintiff's claims). If production is made hereunder, identify all medical care providers assigned to work in the Facility clinic on the date of the Incident and identify the signature or initials of each individual who has made an entry on reports or other writings prepared by the medical care provider regarding the Incident or regarding plaintiff's treatment.

7. If any defendant claims to have been physically injured in the Incident and is relying on the injury as a defense to the action, produce all records and claims of injury and all records of medical treatment provided to that defendant in connection with such injury. If defendant refuses to give consent to the release of medical records, defendant shall state whether defendant was treated at a prison facility, a clinic or by a private doctor and the date and place of each such treatment. If production is made hereunder, identify the signature or initials of each individual who has made an entry on reports or other writings prepared by the medical care provider regarding the Incident or regarding defendant's treatment.

8. For any defendant, other than for the Commissioner, any Deputy Commissioner or Assistant Commissioner, Warden and ranks above (and any similar positions for other Departments and Facilities), identify and produce all documents concerning any employment-related proceeding, whether administrative, civil or criminal, in

which the defendant was formally counseled, disciplined, punished, or criminally prosecuted or otherwise made the subject of remedial action in connection with having failed to make a report or having made a false statement of any kind.

9. In a Use of Force Case, identify and produce all documents concerning any employment-related proceeding, whether administrative, civil or criminal, in which any defendant was formally counseled, disciplined, punished, criminally prosecuted or otherwise made the subject of remedial action in connection with having used force on an inmate.

10. In an Inmate against Inmate Assault Case, identify and produce all documents concerning any employment-related proceeding, whether administrative, civil or criminal, in which any defendant was formally counseled, disciplined, punished or criminally prosecuted or otherwise made the subject of remedial action in connection with having failed to supervise inmates property or failed to fulfill any or his or her responsibilities involving inmate safety.

11. In a Disciplinary Due Process Case, identify and produce all documents concerning any employment-related proceeding, whether administrative, civil or criminal, in which any defendant was formally counseled, disciplined, punished, prosecuted or otherwise made the subject of remedial action in connection with that defendant's participation in or conduct of a disciplinary proceeding where it was alleged that the defendant violated a Department regulation or a constitutional right of an inmate.

12. Produce from the plaintiff's inmate file for the period of incarceration during which the Incident arose (and any other Facility file for plaintiff if any defendant intends to rely on any of its contents) all documents concerning any occasion that plaintiff was subject to discipline. If the disciplinary record is lengthy, the defendant may, in the first instance, produce a computer printout of plaintiff's inmate's disciplinary history.

# AFFIDAVIT OF SERVICE

STATE OF NEW YORK    )
                     ) SS.:
COUNTY OF ONEIDA     )

__Humberto Bello  #A1280__, being duly sworn, hereby deposes and says:

That on this ____ day of _____, 20___; I served the within __Affidavit of Service base on Defendants Local Rule 33.2 Discovery respones__

__Discovery Respones__

upon the individual(s) listed below, by placing true and exact copies of the same in properly addressed envelopes and depositing the same into the mail receptacle at the Marcy Correctional Facility to be mailed via the United States Postal Service to said party/parties listed below:

In the Interrogatory and Document Request NO: 6
e response
Defedunts has not yet received an executed release from Plaintiff for plaintiff medical records and will supplement his response when the release is received. ← This is not thru
Yes sent to defendent Conysel a copy of my out said Hospital trip of 3/5/15 Incendent and as well to the Pro se Clerk at 300 Quarropas street, white plains, N.Y 10601 plus on telephonically conference whit United State District Judge Vincent L. Briccetti on 5/12/16 and Defendant Counsel the Judge Adress the matter to defendant counsel asking if I sent him the copy of my out said Hospital trip paper work injury the defendant counsel said Yes I got the out said Hospital record plus Judge Vincent L. Briccetti sed he got copy him self of it Yes I did sent copy to both partys defendent counsel Adress and Pro se clerk at 300 Quarropass street will try to get medical records of my out said Hospital trip again of 3/5/15 Now I am a prisiner (Imante) Is pelope take Tong time to relese me this medical record last time yes a will ask for it again Now please look back ant see I sent defendent Counsel copy and Pro se clerk copy of my out said Hospital trip allready check please Thank you

_Humberto Bello_
Deponent

Sworn to before me

this __17__ day of __Aug__, 20__16__

_Navid C. Shir_
Notary Public of State of New York

DAVID E. JOHNSON
Notary Public in the State of New York
Qualified in Oneida County 01JO6295737
My Commission Expires Jan. 6, 20__18__





**United States District Court**
**Southern District of New York**
*Pro Se Intake Unit*



RECEIVED SEP 07 2016
CHAMBERS OF VINCENT L. BRICCETTI
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF NEW YORK

**To:** Hon. VINCENT L. BRICCETTI
**From:** W. Clark, WP Pro Se Writ Clerk, Ext. 4036
**Date:** September 7, 2016
**Re:** Bello v. Long, **15-CV-2148 (VB) ( )**

The attached document, which was received by the Pro Se Intake Unit on September 6, 2016, has been submitted to the Court for filing. The document is deficient as indicated below. Instead of docketing the document for public access, it has been docketed as a court-view only docket entry. I am forwarding it to you for your consideration. *See* Fed. R. Civ. P. 5(d)(2)(B), (4).

☐ No original signature.

☐ No Affirmation of Service/ proof of service.

☒ Other: Plaintiff submits Discovery materials. Please advise.

If you memo-endorse the filing, you do not need to return this memorandum to the Pro Se Intake Unit. Once your memo-endorsement is docketed and filed, all ECF users on the case will be notified.

In the alternative, please return this memorandum with the attached papers to this Unit, indicating at the bottom what action should be taken.

☒ **ACCEPT FOR FILING**

☐ **RETURN TO *PRO SE* LITIGANT**

| Comments: |
|---|
|  |
|  |
|  |
|  |
|  |

Dated: _____
United States District / ~~Magistrate~~ Judge