UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
HUMBERTO BELLO,

           Plaintiff,

v.

C.O. BRYAN LONG,

           Defendant.
--------------------------------------------------------------x

**OPINION AND ORDER**

15 CV 2148 (VB)

Briccetti, J.:

    Plaintiff Humberto Bello, proceeding pro se and in forma pauperis, brings this action under 42 U.S.C. § 1983 against defendant corrections officer Bryan Long, alleging defendant used excessive force against plaintiff while he was incarcerated at Sullivan Correctional Facility ("Sullivan") in violation of his Eighth Amendment rights.

    Before the Court is defendant's motion for summary judgement. (Doc. #68).

    For the reasons set forth below, defendant's motion is GRANTED.

    The Court has subject matter jurisdiction under 28 U.S.C. § 1331.

## BACKGROUND

    The parties have submitted briefs, statements of material fact ("SOF"), and declarations with supporting exhibits, which reflect the following factual background.

    Plaintiff alleges on March 5, 2015, defendant and two non-party corrections officers came to plaintiff's cell to give him some unidentified property. Plaintiff exchanged "bad word[s]" with one of the officers and the officers began to walk away. Plaintiff claims his hands were "in the [little] windo[w] bars" on his cell door when defendant turned back towards plaintiff's cell and "slammed" the "sliding plexiglass-type shield that can cover the window" on plaintiff's fingers. (Second Am. Compl. ("SAC") at 2; Def.'s SOF ¶ 2). Plaintiff was

1

subsequently taken to an outside emergency room and treated for a laceration on the middle finger of his right hand.

Plaintiff claims on March 9, 2015, he attempted to file a grievance regarding this incident but defendant told plaintiff that he had thrown plaintiff's grievance "in [the] garbage." (SAC at 5; Pl.'s opp'n br. at 2). Plaintiff further claims he never received a response from Sullivan's superintendent or anyone else from the Department of Corrections and Community Supervision ("DOCCS") regarding his grievance, and that plaintiff believed defendant had indeed prevented its filing. DOCCS records show, however, that plaintiff filed a grievance on March 10, 2015, which was forwarded to Sullivan's superintendent for an investigation. DOCCS records also show Sullivan Sgt. M. LoFrese interviewed plaintiff as part of the superintendent's investigation into plaintiff's grievance.

Plaintiff commenced this action on March 16 or 17, 2015.[1] On March 18, 2015, Sullivan Superintendent William Keyser issued a decision finding plaintiff's grievance was meritless.

## DISCUSSION

I. Legal Standard

The Court must grant a motion for summary judgment if the pleadings, discovery materials before the Court, and any affidavits show there is no genuine issue as to any material

---

[1] A "pro se prisoner's papers are considered filed when they are handed over to prison officials for forwarding to the court." Rhodes v. Senkowski, 82 F. Supp. 2d 160, 165 (S.D.N.Y. 2000) (citing cases). Here, plaintiff's initial complaint is dated March 16, 2015, the envelope in which the Court received it is post-marked March 17, 2015, and the Clerk of Court accepted it for filing on March 19, 2015. Whether the Court deems plaintiff's complaint filed on March 16 or 17 is immaterial to the disposition of defendant's motion.

2

fact and it is clear the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

A fact is material when it "might affect the outcome of the suit under the governing law . . . . Factual disputes that are irrelevant or unnecessary" are not material and thus cannot preclude summary judgment.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

A dispute about a material fact is genuine if there is sufficient evidence upon which a reasonable jury could return a verdict for the non-moving party.  See id. The Court "is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried." Wilson v. Nw. Mut. Ins. Co., 625 F.3d 54, 60 (2d Cir. 2010) (citation omitted).  It is the moving party's burden to establish the absence of any genuine issue of material fact.  Zalaski v. City of Bridgeport Police Dep't, 613 F.3d 336, 340 (2d Cir. 2010).

If the non-moving party has failed to make a sufficient showing on an essential element of his case on which he has the burden of proof, then summary judgment is appropriate.  Celotex Corp. v. Catrett, 477 U.S. at 323.  If the non-moving party submits "merely colorable" evidence, summary judgment may be granted.  Anderson v. Liberty Lobby, Inc., 477 U.S. at 249-50.  The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts, and may not rely on conclusory allegations or unsubstantiated speculation." Brown v. Eli Lilly & Co., 654 F.3d 347, 358 (2d Cir. 2011) (internal citations omitted).  The "mere existence of a scintilla of evidence in support" of the non-moving party's position is likewise insufficient; "there must be evidence on which the jury could reasonably find" for him. Dawson v. Cty. of Westchester, 373 F.3d 265, 272 (2d Cir. 2004).

On summary judgment, the Court construes the facts, resolves all ambiguities, and draws all permissible factual inferences in favor of the non-moving party.

CIS Air Corp., 352 F.3d 775, 780 (2d Cir. 2003). If there is any evidence from which a reasonable inference could be drawn in favor of the non-moving party on the issue on which summary judgment is sought, summary judgment is improper. See Sec. Ins. Co. of Hartford v. Old Dominion Freight Line, Inc., 391 F.3d 77, 83 (2d Cir. 2004).

In deciding a motion for summary judgment, the Court need only consider evidence that would be admissible at trial. Nora Bevs., Inc. v. Perrier Grp. of Am., Inc., 164 F.3d 736, 746 (2d Cir. 1998).

II. Failure to Exhaust

Defendant argues he is entitled to summary judgment because plaintiff failed to exhaust his administrative remedies, as required by the Prison Litigation Reform Act ("PLRA"). See 42 U.S.C. § 1997e(a) ("No Action shall be brought with respect to prisons under . . . Federal law[] by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.").

The Court agrees.

For a New York state prisoner to exhaust a claim, he must comply with the rules of New York's Inmate Grievance Program ("IGP") with respect to that claim. The inmate generally must complete three steps: (i) submit a complaint to the clerk of the Inmate Grievance Resolution Committee ("IGRC") within twenty-one days of the alleged incident, (ii) appeal an adverse decision to the superintendent of the facility within seven days of receipt of the IGRC's written response, and (iii) finally, appeal an unfavorable decision by the superintendent to the Central Office Review Committee ("CORC") within seven days after receipt of the superintendent's written response. 7 N.Y.C.R.R. § 701.5. An aggrieved inmate may appeal to

4

the next level if he has not received a response within the prescribed time frame for each step of the grievance procedure. Id. § 701.6(g)(2).

An expedited process exists for grievances, like the one here, alleging harassment by correctional facility staff, which requires the inmate's grievance to be forwarded directly to the superintendent by close of business the same day it is filed. 7 N.Y.C.R.R. § 701.8(a–b). Following the superintendent's review:

> If it is determined that the grievance is a bona fide harassment issue, the superintendent shall: (1) initiate an in-house investigation by higher ranking supervisory personnel into the allegations contained in the grievance; (2) request an investigation by the inspector general's office; or (3) if the superintendent determines that criminal activity may be involved, request an investigation by the New York State Police, Bureau of Criminal Investigation.

Id. § 701.8(d). The inmate may appeal his grievance to CORC (i) if the superintendent does not respond within twenty-five days, or (ii) within seven calendar days of receiving the superintendent's response. See id. § 701.8(f–g); see also id. § 701.6(g)(2) (matters not decided within designated time limits "may be appealed to the next step").

Thus, regardless of whether an inmate's grievance concerns allegations of harassment by correctional facility staff, appeal of an unfavorable decision by the superintendent to CORC is required to exhaust administrative remedies for purposes of the PLRA. See Gardner v. Daddezio, 2008 WL 4826025, at *2 (S.D.N.Y. Nov. 5 2008).[2]

Following the Supreme Court's decision in Ross v. Blake, 136 S. Ct. 1850, 1859–60 (2016), a prisoner's duty to exhaust can be excused only on the "rare occasions" when (i) an administrative remedy "operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates"; (ii) "an administrative scheme might be so

---

[2] Plaintiff will be provided with copies of all unpublished opinions cited in this decision. See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009).

5

opaque that it becomes, practically speaking, incapable of use" and "so confusing that . . . no reasonable prisoner can use them"; or (iii) "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation."

Of the three scenarios in which administrative remedies are unavailable, only the third situation arguably applies here. Administrative remedies may not be available if, for example, prison officials "interfere[ ] with an inmate's pursuit of relief" by telling an inmate a corrections officer had prevented the inmate from successfully filing a grievance by throwing it in the garbage. See Ross v. Blake, 136 S.Ct. at 1860.

The issue here, however, is not whether it was reasonable for plaintiff to believe that he had exhausted his administrative remedies in light of defendant allegedly telling him defendant had thrown plaintiff's grievance in the garbage. Rather, the relevant inquiry is whether defendant's statement actually interfered with plaintiff's pursuit of his administrative remedies.

The record indicates plaintiff's grievance was in fact filed, investigated, and a decision was rendered by Sullivan's superintendent.

Even assuming plaintiff did not receive a response to his grievance from the superintendent as he alleges, plaintiff was still required to appeal to the CORC if the superintendent adversely disposed of his grievance or failed to timely respond. 7 N.Y.C.R.R. §§ 701.5(d), 701.6(g); see also Heyliger v. Gebler, 624 F. App'x 780, 782 (2d Cir. 2015) (if a DOCCS decision maker fails to respond timely to a grievance under the IGP, the inmate must appeal to the next step in order to properly exhaust).

Accordingly, defendant's alleged statement did not impede plaintiff from exhausting his remedies; rather, plaintiff failed to properly exhaust his administrative remedies. See, e.g., Riles

6

v. Buchanan, 656 F. App'x 577, 580 (2d Cir. 2016) (summary order) (affirming summary judgment for failure to exhaust because inmate "did not properly use all steps that the prison grievance system held out") (internal quotations omitted); Kendall v. Cuomo, 2017 WL 4162338, *3–4 (S.D.N.Y. Sept. 19, 2017) (corrections officer's alleged misstatement that inmate did not need to file a grievance did not actually interfere with plaintiff's pursuit of his administrative remedies).

Moreover, plaintiff filed this Section 1983 action on March 16 or 17, 2015—in either case, before the expiration of the 21-day period to file a grievance, see 7 N.Y.C.R.R. § 701.5, and the 25-day period for the superintendent to respond. Courts in this district routinely dismiss cases due to a plaintiff filing an initial complaint before the time period prescribed by IGP for an initial grievance response to be issued has expired. See, e.g., Lopez v. Cipolini, 136 F. Supp. 3d 570, 582 (S.D.N.Y. 2015); Harris v. Gunsett, 2013 WL 3816590, at *7 (S.D.N.Y. July 22, 2013).

## CONCLUSION

The motion for summary judgement is GRANTED.

The Clerk is instructed to terminate the motion (Doc. #68) and close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v United States, 369 U.S. 438, 444–45 (1962).

Dated: September 28, 2017
      White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge